# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMES MICHAEL HUNTER,**

   **Plaintiff,**

vs.                                                          Case No. 4:16cv786-RH/CAS

**CAPTAIN LOVETT, et al.,**

   **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case on December 19, 2016, by submitting a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1. It is not clear that Plaintiff intended to file this case in this Court as he has apparently used a complaint form from the Southern District of Florida. *See* ECF No. 1 at 1. Nevertheless, out of an abundance of caution, the case was opened in this Court. Subsequently, Plaintiff has filed a document which has been liberally construed as a "supplement" to the complaint. ECF No. 3. No further action is necessary on that document.

Plaintiff did not file a motion requesting leave to proceed with in forma pauperis status, nor did Plaintiff pay the filing fee for this case.  Although Plaintiff must do one or the other to proceed with this litigation, a cursory review of the complaint, ECF No. 1, has been made.  Plaintiff is incarcerated at the South Florida Reception Center and the Defendants are located at Charlotte Correctional Institution in Punta Gorda, Florida, which is where the events about which Plaintiff complains occurred.  Charlotte Correctional Institution is located within the jurisdiction of the Middle District of Florida, Ft. Myers Division.

Pursuant to 28 U.S.C. § 1391, venue is appropriate in either "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b).  Accordingly, because the events at issue and all parties to this litigation are located in the Middle District, the more appropriate forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Ft. Myers Division.

Case No. 4:16cv786-RH/CAS

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue sua sponte. <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.").

It is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Ft. Myers Division, for all further proceedings, including resolution of the filing fee.

**IN CHAMBERS** at Tallahassee, Florida, on January 5, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A**

Case No. 4:16cv786-RH/CAS

**copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**